IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ELIZABETH SHILO et. al.,<br>　　　　　　Plaintiffs, | CIVIL NO. CV 04-130-AS |
| v. | ORDER ADOPTING WITH<br>MODIFICATION MAGISTRATE<br>JUDGE'S FINDINGS AND |
| CITY OF PORTLAND et. al.,<br>　　　　　　Defendants. | RECOMMENDATION |

**MOSMAN, J.,**

On July 27, 2005, Magistrate Judge Ashmanskas issued his Findings and

Recommendation  (docket #46) in the above-captioned case recommending that plaintiffs'

motion (#22) for summary judgment be denied and defendants' motion for summary judgment

(#26) be granted in part and denied in part.  An objection to the Findings and Recommendation

(#47) was filed on August 15, 2005.  Defendants filed a response to the objections (#48) on

August 23, 2005.

This court must conduct *de novo* review of the findings and recommendation pursuant to

28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  Upon *de novo* review this court adopts Judge

Ashmanskas's findings and recommendation with modification on the negligence issue.  The

court agrees with the ultimate conclusion reached by Judge Ashmanskas, that defendants are

entitled to summary judgment on the negligence claim, but the analytical framework warrants

further discussion.

Although mere negligence cannot sustain a § 1983 claim, qualified immunity from

§ 1983 may not preclude a separate claim based on common law negligence.  *See District of*

*Columbia v. Evans*, 644 A.2d 1008, 1019 (D.C. 1994). Thus, as a matter of principle, the court

recognizes that a plaintiff may allege negligence as a basis for recovery separate from § 1983 for

acts arising in the Fourth Amendment search and seizure context. The negligence claim,

however, should not be founded on the same facts that give rise to the § 1983 claim. *See Lewis*

*v. City of St. Petersburg*, 260 F.3d 1260, 1263 (11th Cir. 2001). Then the question becomes how

a court should evaluate these claims under Oregon negligence law.

In suing for negligent execution of an arrest or search warrant, a plaintiff who has shown

but-for causation must show more than just a foreseeable risk of harm to the plaintiff arising out

of the search or seizure. Nearly every execution of an arrest or search warrant carries with it a

foreseeable risk of harm. It proves too much for the law of negligence to cover nearly all arrests

or searches. The more accurate formulation is found in the seminal case on negligence: a

defendant is liable for harm caused by his conduct if "that conduct *unreasonably created* a

foreseeable risk to a protected interest of the kind of harm that befell the plaintiff." *Fazzolari v.*

*Portland Sch. Dist. No. 1J*, 734 P.2d 1326, 1336 (Or. 1987) (emphasis added).

Thus, when a negligence claim is brought alongside a § 1983 claim, the outer limits of

the officer's liability for negligence will be established through a two-part inquiry: (1) whether

the officer's conduct *unreasonably* created a foreseeable risk of harm and (2) whether the harm

plaintiff suffered may be fairly characterized as falling within a "protected interest." It may be

that evaluating the first prong will mirror the reasonableness analysis under the Fourth

Amendment, if, for example, the plaintiff is suing for excessive use of force or unreasonable

detention. To unreasonably create a risk of harm is roughly the same as an officer using

excessive, and hence unreasonable, force. The converse may also be true -- if the amount of

force used is found reasonable under the Fourth Amendment, then an officer probably did not

unreasonably create a risk of harm to plaintiff.

A further limitation on negligence as an avenue of recovery separate from § 1983 is

found in the "protected interest" prong.  The Fourth Amendment analogue examines a person's

expectation of privacy in terms of society's willingness to recognize that expectation as

reasonable.  *See Katz v. United States*, 389 U.S. 347, 361 (1967).  Similarly, under the

*Fazzolari* test, a person claiming negligence in the context of a lawful arrest or search cannot

simply claim that (1) he or his property was harmed, and (2) it was reasonable to foresee that

harm.  Of course, a person has a protected interest in day-to-day life to be free from having his or

her door broken down or wrists harmfully wrangled into handcuffs.  But when police execute a

valid search warrant, the person's protected interest – that is, the interest society is prepared to

recognize as reasonable – is diminished.

The "protected interest" concept also takes into account the legislative determination to

grant qualified immunity under § 1983.  The court finds the test adopted by the Eleventh Circuit

to be particularly instructive: "A separate negligence claim based upon a distinct act of

negligence may be brought against a police officer in conjunction with a claim for excessive use

of force.  Nevertheless, the negligence component must pertain to *something other than* the

actual application of force during the course of the arrest."  *Lewis*, 260 F.3d at 1263 (emphasis

added) (citations omitted).  This test is faithful to the principles previously articulated as it will

not preclude plaintiffs from pursuing negligence as a possible avenue of recovery, but at the

same time, it does not subject police officers to liability for negligent use of excessive force.  It

may be possible, for example, to allege a § 1983 violation for the use of a flash-bang device, and

PAGE 3 - ORDER

a separate negligence claim if that flash-device, left unattended, starts a fire.

In this case, plaintiffs' claim for negligence fails to allege facts pertaining to something other than the actual application of force during the execution of this search and seizure. Plaintiffs' state-law claim for negligence alleged: "All defendant officers breached a duty of care in conducting the searches in that unnecessary injury to persons and property ensued." Pls.' Third Am. Compl. at 5, ¶ 15.[1] To support this negligence claim, plaintiffs reallege the very same facts that were used to make out claims for unreasonable search and seizure. As alleged, these facts do not give rise to a distinct act of negligence. Plaintiffs fail to make any allegation separate from that which gives rise to a claim of excessive use of force or improper knock and announce.

Even if the facts, as alleged, were generously construed as making a claim for negligence, the court concludes that summary judgment in favor of defendants is appropriate because on these facts, it cannot be said that the officers unreasonably created a foreseeable risk to a protected interest of these plaintiffs.

IT IS SO ORDERED.

DATED:    Portland, Oregon, November 22 , 2005.


/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

---

[1] The court adopts that portion of the findings and recommendation that grants summary judgment on the negligence claim insofar as it asserts negligent hiring, training, and supervision, and insofar as it asserts that the City was negligent in that it should have known the search warrants were deficient.

PAGE 4 - ORDER